UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DUANE MCCOY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:16 CV 951 RWS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Petitioner Duane McCoy brings a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer subject to an enhanced sentence under the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e). The United States Attorney argues McCoy is not entitled to *Johnson* relief because his prior convictions remain predicate ACCA convictions. Because McCoy still has three predicate ACCA convictions, I will deny his motion.

## BACKGROUND

On May 2, 2013, McCoy pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See United States v. Duane McCoy*, Case No. 4:12 CR 416 RWS (E.D. Mo.). In McCoy's Presentence Investigation Report (PSR), the United States Probation Office indicated McCoy had three prior

convictions for violent felonies that made him subject to an enhanced sentence under the ACCA, including, as relevant to this case, assault on a law enforcement officer – first degree, Mo. Rev. Stat. § 565.081, and violence to an employee of the Department of Corrections by an inmate, Mo. Rev. Stat. § 217.385.1.[1]

Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony is subject to a 15-year mandatory minimum sentence. *See* 18 U.S.C. § 924(e). The term "violent felony" is defined for ACCA purposes as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). In its 2015 *Johnson* decision, the Supreme Court held that imposing an increased sentence under the "otherwise" clause of subsection ii (the "residual clause") violates due process. *See* 135 S. Ct. at 2563.

At McCoy's August 5, 2013 sentencing hearing, I adopted the PSR, found McCoy qualified as an armed career criminal under § 924(e), and imposed a 180-month sentence. On April 22, 2016, McCoy filed a motion to vacate per *Johnson*, and on June 23, 2016, he filed an amended motion to vacate. In his petition,

---

[1] McCoy concedes that his third conviction for robbery first degree still counts as a predicate ACCA conviction.

McCoy argues that post-*Johnson*, he is no longer an armed career criminal because neither assault on a law enforcement officer nor violence to an employee of the Department of Corrections categorically qualifies as a violent felony.

I referred the matter to the United States Probation Office for the Eastern District of Missouri to prepare a Resentencing Report in response to McCoy's *Johnson* claims. The Probation Office recommended no change to McCoy's total offense level computation based on its conclusion that he remained an armed career criminal. The U.S. Attorney filed a statement of no objection to the Resentencing Report. McCoy objected to the Resentencing Report, again arguing he does not have three qualifying predicates because assault on a law enforcement officer and violence to an employee of the Department Of Corrections do not qualify as predicate convictions.[2] The Probation Office filed a final Resentencing Report, maintaining its position that McCoy is not entitled to relief under *Johnson*. The U.S. Attorney filed its response to McCoy's § 2255 petition and McCoy filed a reply. The matter is now fully briefed.

---

[2] In his objections to the Resentencing Report, McCoy also challenges the reference to his conviction for armed criminal action as a "crime of violence" under the Sentencing Guidelines for the purpose of setting his base offense level. He did not raise this argument in his motion to vacate and does not otherwise address it in his briefing or request that I grant relief on this issue. Even if this issue was properly before me, McCoy does not argue that his other prior convictions for violent felonies would not also qualify as crimes of violence and result in the same base offense level. *See United States v. Irons*, -- F.3d --, 2017 WL 744046, at *5 (8th Cir. Feb. 27, 2017) ("This Court has never recognized a distinction between the definition of a 'violent felony' under the ACCA and a 'crime of violence' under the Guidelines . . . And a basis for doing so is not presented here.").

## ANALYSIS

Neither of McCoy's challenged prior convictions are enumerated offenses under 18 U.S.C. § 924(e)(2)(B)(ii). As a result, to qualify as predicate convictions, both must have as an element "the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). "Physical force 'means *violent* force—that is, force capable of causing physical pain or injury to another person.'" *United States v. Jordan*, 812 F.3d 1183, 1186 (8th Cir. 2016) (quoting *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010)). I may only consider the elements of the offense—not the underlying facts of the conviction—to determine if a defendant's prior conviction qualifies as a predicate conviction. *See Descamps v. United States*, 133 S. Ct. 2276, 2293 (2013). McCoy bears the burden of showing he is entitled to relief. *See Givens v. United States*, 2016 WL 7242162, at *2 (E.D. Mo. Dec. 15, 2016).[3]

### Assault of a Law Enforcement Officer – First Degree

A person commits the crime of assault of a law enforcement officer in the first degree under Missouri law "if such person attempts to kill or knowingly

---

[3] Neither party directly addresses whether the categorical approach or modified categorical approach should apply to these analyses. *See Mathis v. United States*, 136 S. Ct. 2243 (2016). Both parties present arguments about all of § 565.081, and I need not determine which part applies because I conclude this statute only criminalizes conduct that meets the definition of "violent felony." *See id.* at 2249. I do need to apply the modified categorical approach to § 217.385 as the statute creates different offenses and subdivision 2 of that section criminalizes conduct that does not qualify as a violent felony. The parties agree—and the record supports finding—that McCoy was convicted under subdivision 1 for violence to an employee of the Department of Corrections.

4

causes or attempts to cause serious physical injury to a law enforcement officer." Mo. Rev. Stat. § 565.081.1, *repealed by* L. 2014 S.B. 491 § A, eff. Jan. 1, 2017.[4] While the question of whether a conviction under § 565.081 serves as a predicate ACCA conviction is a question of federal law, I look to Missouri law to determine the elements of the crime, as I am "bound by the [Missouri] Supreme Court's interpretation of state law, including its determination of the elements" of state crimes. *Curtis Johnson*, 559 U.S. at 138; *see also Mathis v. United States*, 136 S. Ct. 2243, 2250 (2016); *United States v. Thomas*, 838 F.3d 926, 930 n.3 (8th Cir. 2016) (per curiam) ("Although we are not bound by Arkansas state courts' definition of 'physical force' as that term is used in the Guidelines, we are bound by their interpretation of what [Ark. Code Ann.] § 5–13–201(a)(1) requires."). To the extent the Missouri Supreme Court has not addressed the elements of § 565.081, I also look to decisions from the intermediate state courts for guidance in interpreting Missouri law.

To convict under § 565.081, the state must prove the defendant knew or was aware that the person he injured or attempted to kill or injure was a law enforcement officer. *State v. Reed*, 402 S.W.3d 146, 150 (Mo. Ct. App. 2013). To

---

[4] McCoy was convicted of this offense in January 2009. Assault in the first degree in Missouri now makes it a class B felony if a person "attempts to kill or knowingly causes or attempts to cause serious physical injury to another person" unless the perpetrator inflicts serious physical injury on the victim or the victim of the assault is a "special victim," which includes a "law enforcement officer assaulted in the performance of his or her official duties or as a direct result of such official duties," in which case the assault is a class A felony. Mo. Rev. Stat. §§ 565.002(14)(a), 565.050 (2017).

5

convict for causing serious physical injury, the state must prove the defendant acted knowingly and caused the type of injury required by the statute, which is "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Mo. Rev. Stat. § 556.061(28) (2008); *State v. Ward*, 273 S.W.3d 43, 46 (Mo. Ct. App. 2008). To convict for attempting to kill or attempting to cause serious physical injury, the state must prove "a very specific intent . . . to accomplish that objective." *Reed*, 402 S.W.3d at 151; *see also Ward*, 273 S.W.3d at 46 (indicating the *mens rea* needed to prove attempt is higher than that needed to convict the defendant of the completed substantive offense).

"Attempt" has two elements: "(1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense." *State v. Winthrow*, 8 S.W.3d 75, 78 (Mo. banc 1999), *modified on different grounds by State v. Claycomb*, 470 S.W.3d 358 (Mo. banc 2015). "'A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.'" *Id.* (quoting Mo. Rev. Stat. § 564.011). Intent for purposes of § 565.081 is measured "by whether or not a reasonable juror might have found that [the defendant's] *conduct* strongly corroborated the firmness of his purpose to kill or cause serious injury to [the intended victim(s)]." *Reed*, 402 S.W.3d at 152

6

(alterations in original) (quotation marks omitted).

McCoy first argues that a conviction for knowingly causing serious physical injury does not qualify as an ACCA violent felony because it is possible to cause serious physical injury without the use, attempted use, or threatened use of violent physical force. The Eighth Circuit has rejected this argument. "'[P]hysical force' means force 'capable of causing physical pain or injury to another person,' [*Curtis*] *Johnson*, 559 U.S. at 140, and 'it is impossible to cause bodily injury without using force "capable of" producing that result.'" *United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017) (quoting *United States v. Castleman*, 134 S. Ct. 1405, 1416–17 (2014) (Scalia, J., concurring)); *see also United States v. Rice*, 813 F.3d 704, 706 (8th Cir.) *cert. denied*, 137 S. Ct. 59 (2016); *United States v. Headbird*, 832 F.3d 844, 847 (8th Cir. 2016). "Serious physical injury" for § 565.081 purposes is "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." Mo. Rev. Stat. § 556.061(28) (2008). Because it is "impossible to cause bodily injury without using force 'capable of' producing that result," in order to cause the serious physical injury required by § 565.081, a defendant would have to use "force capable of causing physical pain or injury to another person." *See Winston*, 845 F.3d at 878 (quotation marks omitted). It does not matter if the defendant applies the force directly or indirectly. *See Rice*, 813 F.3d at 706.

7

Next, McCoy argues that a conviction for attempting to kill or attempting to cause serious physical injury under § 565.081 does not qualify as an ACCA predicate because under Missouri's definition of "attempt," a substantial step can include conduct that does not require the use, attempted use, or threatened use of violent force, such as lying-in-wait for a victim. I find no support for the conclusion that the crime of attempting to kill or attempting to cause serious physical injury to a law enforcement officer does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

In evaluating statutes that criminalize intentionally or knowingly causing physical injury and attempting to do so, the Eighth Circuit has treated attempt and completion the same for ACCA force purposes. *See, e.g.*, *United States v. Alexander*, 809 F.3d 1029, 1032–33 (8th Cir. 2016) (holding Missouri assault second degree qualifies as a violent felony and rejecting defendant's argument that attempted second-degree assault does not constitute an attempted use of physical force because a "substantial step" can include conduct that does not require an attempted use of force); *United States v. Jordan*, 812 F.3d 1183, 1186–87 (8th Cir. 2016) (distinguishing between the government's burden to prove the defendant attempted to cause or caused physical injury versus only having to prove conduct created a substantial *danger* of death or serious physical injury, which does not

satisfy the violent felony requirement); *United States v. Vinton*, 631 F.3d 476, 486 (8th Cir. 2011) (holding that a Missouri second-degree assault conviction, which "requires a showing that the defendant attempted to cause, or knowingly caused, physical injury to another person" is a crime of violence "because it has, as an element, the actual or attempted use of violent physical force against another").

McCoy provides no support for treating attempt to kill or cause serious physical injury differently here. And I "have found no case in which the Missouri Supreme Court has construed attempt under § [565.081] in an overinclusive manner that eviscerates the requirements of the ACCA." *Alexander*, 809 F.3d at 1033. As a result, I conclude McCoy's Missouri conviction for assault of a law enforcement officer in the first degree is a violent felony for ACCA purposes.

**Violence to an Employee of the Department of Corrections by an Inmate**

McCoy also argues his conviction for violence to an employee of the Department of Corrections by an inmate does not qualify as a predicate conviction because the term "violence" in the statute is overbroad and captures conduct that does not necessarily rise to the level of force the U.S. Supreme Court requires. This offense is defined in Mo. Rev. Stat. § 217.385.1, which states: "No offender shall knowingly commit violence to an employee of the department or to another offender housed in a department correctional center." McCoy argues that as neither the statute nor the jury instruction (Missouri Approved Instruction 332.04)

9

defines the term "violence," it is overbroad and may include less force than the violent physical force the U.S. Supreme Court requires.

The Eighth Circuit recently rejected a similar argument and held that a conviction under Mo. Rev. Stat. § 217.385.1 is a predicate violent felony under the ACCA. *See United States v. Irons*, -- F.3d --, 2017 WL 744046, at *4 (8th Cir. Feb. 27, 2017). As the *Irons* court explained, Missouri courts have interpreted the term "violence" in § 217.385.1 in a manner consistent with the ACCA definition of "violent force." *See id.* at *3–4; *see also State v. Mack*, 12 S.W.3d 349, 351–54 (Mo. Ct. App. 2000). McCoy provides no authority or argument that takes this case outside the Eighth Circuit's holding in *Irons*. As a result, and based on Missouri courts' interpretation of the term "violence" in applying this statute, I conclude McCoy's prior conviction for violence to an employee of the Department of Corrections by an inmate is a violent felony for ACCA purposes.

## Conclusion

McCoy's prior convictions for assault on a law enforcement officer – first degree and violence to an employee of the Department of Corrections by an inmate are both violent felonies for ACCA purposes. The statutes of conviction both have, as an element, "the use, or attempted use, or threatened use of physical force against the person of another." Both require the type of violent physical force the U.S. Supreme Court requires. As a result, McCoy was properly sentenced as an

armed career criminal and is not entitled to relief under *Johnson*.

Accordingly,

**IT IS HEREBY ORDERED** that Duane McCoy's amended motion to vacate sentence under 28 U.S.C. § 2255 #[1] is **DENIED**. A separate judgment will issue.

**IT IS FURTHER ORDERED** that I will not issue a Certificate of Appealability because McCoy has not made a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253(c)(2).

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2017.